IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY A. BLAIR,

    Plaintiff,

v.

NANCY A. BERRYHILL,

Acting Commissioner of the Social
Security Administration,

    Defendant.

Case No. 3:16-cv-339

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING IN THEIR ENTIRETY REPORT
AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE (DOC. #14), AND OVERRULING OBJECTIONS OF PLAINTIFF
KIMBERLY A. BLAIR (DOC. #15) TO SAID JUDICIAL FILING;
JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A.
BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE
DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS
NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS
UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Kimberly A. Blair ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 25, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #14, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 et seq., be affirmed. Based upon reasoning and citations of authority set forth below, as

well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6; Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #14, and OVERRULES Plaintiff's Objections, Doc. #15, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as supported by substantial evidence.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much

as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

1.  Administrative Law Judge Elizabeth Motta heard Plaintiff's claim pursuant to an order of remand from this Court. On August 14, 2014, this Court reversed ALJ Thomas R. McNichols, II's, finding of non-disability as being unsupported by substantial evidence, and remanded the matter to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings. Doc. #7-2, PAGEID #1004. Specifically, "the Court [found] merit to Plaintiff's argument that the ALJ failed to appropriately explain the weight given the [Veterans Administration's ('VA')] disability determination and also failed to adequately provide meaningful reasons for rejecting such determination in its totality." *Id.*, PAGEID #1018. ALJ McNichols, in his decision, concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with additional functional limitations. Doc. #6-2, PAGEID #77. However, ALJ Motta assessed an RFC of light work, with additional limitations. Doc. #7-1, PAGEID #839-40. Plaintiff claims that, by imposing a less restrictive RFC, ALJ Motta had exceeded the scope of this Court's remand order, and thus, reversal of her decision was required. Doc. #15, PAGEID #1625 (citing *Mefford v. Gardner*, 383 F.2d 748 (6th Cir. 1967)).

The *Mefford* Court reiterated the well-settled principle that "[w]here a reviewing court reverses a judgment <u>with directions</u> . . . <u>to determine a specified issue only</u>, the trial court is bound by the directions and has no authority to retry any other issue[.]" 383 F.2d at 758 (emphasis added) (internal quotation marks and citation omitted). Yet this Court, in its remand Order, did not order the Commissioner to consider <u>only</u> the appropriate weight to be accorded the VA's disability determination. If the Court had intended to do so, then it would have included express language that limited the

4

Commissioner's discretion, *e.g.*, "if the Commissioner accords significant weight to the VA's disability determination, then she must find that Plaintiff is disabled under the Act." Rather, the Court remanded the matter to the Commissioner for reconsideration of all evidence, including but not limited to the VA's determination. Doc. #7-2, PAGEID #1018. As the Commissioner notes, once the captioned cause was remanded for rehearing, the decision of ALJ McNichols was voided, and ALJ Motta was required to make a *de novo* determination as to whether Plaintiff was disabled. Doc. #16, PAGEID #1634 (citing Doc. #7-2, PAGEID #1022). Thus, ALJ Motta's conclusion that Plaintiff had an RFC to perform light, rather than sedentary, work did not violate the Court's Order, and remand is not required on that ground.

2. Plaintiff argues that ALJ Motta erred in her evaluation of the VA's disability determination by relying on portions of the determination that showed only mild limitation (*e.g.*, ten percent disability ratings for sinusitis and eczema), but ignoring the overall one hundred percent disability rating and the VA's findings that Plaintiff experienced severe migraines, and that several of her symptoms had increased in severity. Doc. #15, PAGEID #1626-27 (citations omitted). Plaintiff's argument is belied by ALJ Motta's decision, in which she discussed how, while Plaintiff's "back, neck, and headache conditions . . . might meet the standards for VA disability," the VA's "evaluation appears to be diagnosis rather than function driven[.]" Doc. #7-1, PAGEID #847. Yet, "functioning is the main element of establishing disability for purpose of Social Security[,] and nothing in the record would support total incapacity for work." *Id.* In support, ALJ Motta discussed Plaintiff's minimal treatment history, and that her

5

various physical ailments did not "cause more than minimal functional impairment." *Id.* ALJ Motta's opinion was cognizant of the different standards for VA and Social Security disability, and was in keeping with Sixth Circuit caselaw that an ALJ must consider a disability determination by the VA, but is not bound by it. *Ritchie v. Comm'r of Soc. Sec.*, No. 12-2405, 540 F. App'x 508, 510 (6th Cir. 2013) (citing 20 C.F.R. § 404.1504). The moderate weight that ALJ Motta assigned to the VA's disability determination was appropriate and well-supported, and the Court will not disturb that conclusion.

3. ALJ Motta assigned little weight to the opinion of B.T. Onamusi, M.D., one of the Commissioner's examining physicians, while assigning "moderate weight" to the opinion of Aivars Vitols, D.O., another of the Commissioner's examining physicians, and the opinions of W. Jerry McCloud, M.D., and Elizabeth Das, M.D., the Commissioner's record-reviewing physicians. Doc. #7-1, PAGEID #845-46. Plaintiff argues that, for three reasons, these assignments were in error. First, Dr. Vitols examined her, Drs. McCloud and Das reviewed the evidence of record available to them, in 2009, yet Dr. Onamusi did not examine her until 2011. Thus, Plaintiff argues, ALJ Motta could not properly rely on the opinions of Dr. McCloud and Das, as they did not review all evidence of record. Doc. #15, PAGEID #1627. Second, she notes that ALJ Motta discounted Dr. Onamusi's opinion, in part, because Dr. Onamusi is an internist, whereas Dr. McCloud is "an orthopedist with specialist knowledge in the area of spinal conditions." Doc. #7-1, PAGEID #845-46; Doc. #15, PAGEID #1627-28. This conclusion was in error, Plaintiff argues, because Dr. Onamusi is a specialist in occupational medicine, a fact that the Commissioner reasonably should have known, as

6

the Commissioner contracted with Dr. Onamusi to perform the examination. *Id.*, PAGEID #1628 (citations omitted). Finally, Plaintiff argues that the Commissioner violated her own regulations by giving more weight to the opinions of Drs. McCloud and Das vis-à-vis Dr. Onamusi. *Id.*, PAGEID #1629 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) (generally, an opinion from an examining source is entitled to greater weight than the opinion of a non-examining source).

Each of Plaintiff's arguments is unfounded. Even if the Commissioner reasonably should have been aware that Dr. Onamusi is a specialist in occupational medicine, ALJ Motta provided other, more significant reasons for discounting his opinion. Notably, she concluded that "Dr. Onamusi's opinion regarding the claimant's exertion and non-exertion limitations is unsupported by objective findings in the preponderance of the record." Doc. #7-1, PAGEID #846. Also, ALJ Motta concluded that the objective results of Dr. Onamusi's examination were inconsistent with the restrictions that he opined in his report. *Id.* As inconsistency with the record as a whole and lack of internal support for one's opinion are valid reasons to discount an examining physician's opinion, 20 C.F.R. § 404.1527(c)(3-4), ALJ Motta's decision to assign little weight to Dr. Onamusi's opinion was proper. As Dr. Onamusi's opinion was unsupported and properly accorded little weight, any failure by Drs. McCloud and Das to review his examination does not preclude the ALJ from assigning moderate weight to those opinions and relying on them in her formulation of Plaintiff's RFC.

Finally, while an examining source should generally be given more weight than a record reviewing source, 20 C.F.R. § 404.1527(c)(1), ALJ Motta provided good reasons, consistent with the Commissioner's regulations, as to why she assigned more weight to

the opinions of Drs. McCloud and Das vis-à-vis Dr. Onamusi. Thus, Plaintiff's Objection as to the relative weight assigned to medical opinions is without merit.

WHEREFORE, based upon the aforesaid, this Court adopts in their entirety the Report and Recommendations of the United States Magistrate Judge, Doc. #14, and overrules the Plaintiff's Objections to said judicial filing. Doc. #15. Judgment shall enter in favor of the Defendant Commissioner and against Plaintiff, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act as supported by substantial evidence.[2]

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 8, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] As the Commissioner's finding of non-disability is affirmed, the Court need not examine Plaintiff's Objection that remand for an immediate award of benefits, rather than further proceedings, is appropriate. Doc. #15, PAGEID #1630-31 (citations omitted).