# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| KIMBERLY BLAIR, | : | Case No. 3:16-cv-339 |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| NANCY A. BERRYHILL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

The case is before the Court upon Plaintiff's Motion for Extension to Appeal (Doc. #19). Plaintiff seeks an extension "due to lack of preparation time caused by my previous representative." (Doc. #19, *PageID* #1648).

Under Rule of Appellate Procedure 3, "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Rule 4(a)(1)(B) requires a party to file the notice of appeal "within 60 days after entry of judgment or order appealed from if one of the parties is: … (ii) a United States agency …."

In the present case, United States District Judge Walter H. Rice ordered Judgment be entered in favor of Defendant Commissioner and against Plaintiff on September 8,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

2017. *See* Doc. #s 17-18. Accordingly, Plaintiff had until November 7, 2017 to file a timely notice of appeal. *See* Fed. R. App. P. 26 (setting out method for computing time).

However, Rule 4(a)(5)(A) permits a district court to "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; …." Plaintiff filed her Motion for Extension of Time on November 8, 2017—well within the time permitted.

The Rule also requires that Plaintiff show good cause or excusable neglect. "Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 630 (1st Cir. 2000)); *see Douglas v. Swing*, 482 F. App'x 988, 989 (6th Cir. 2012). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Advisory Committee Note to 2002 Amendments to Fed. R. App. P. 4(a)(5)(A)(ii). But, "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989)).

Plaintiff contends that her attorney did not notify her of the Court's decision until September 25, 2017. (Doc. #19, *PageID* #1648). She then called to request a copy of the Court's decision and she received that copy at her house on October 4, 2017. *Id.* "After reviewing the court's decision, I decided an appeal needed to be made and that I was

2

going to do it myself.  An extension would give me the time I need to prepare my appeal had I been notified in a timely manner of the court's decision." *Id.*

Plaintiff has not demonstrated good cause or excusable neglect.  Although Plaintiff explained that she received notice of the Court's Decision late, she still had more than thirty days remaining to file her notice of appeal.  She fails to explain why she could not prepare a notice of appeal during the time period between October 4, 2017—when she received a copy of the Court's Decision—and November 7, 2017—when the sixty-day period for filing a notice of appeal expired.  *See Smith v. Montgomery Cnty. Sheriff's Office,* No. 3:10-cv-448, 2013 WL 2156319, at *4 (S.D. Ohio May 17, 2013) (Merz, M.J.) ("A notice of appeal is not a difficult document to prepare; ….") (*Report and Recommendations adopted in full,* 2013 WL 3967671 (Aug. 1, 2013)(Rose, D.J.)).

Additionally, Rule 4(a)(5)(B) requires:  "If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules."  There is no indication in the present case that Plaintiff served her present motion on Defendant or otherwise provided notice in accordance with the local rules.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion for Extension to Appeal be DENIED.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff Kimberly Blair at:  117 S. Fourth Street, Tipp City, Ohio 45371.

January 4, 2018                                                    *s/Sharon L. Ovington*
                                                                         Sharon L. Ovington
                                                                         United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).